UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
KEVIN ORSON CHARLES DEY BEY,

                Plaintiff,

   -against-                                REPORT AND
                                       RECOMMENDATION

FIDELITY INVESTMENTS, LLC, FMR, LLC aka      No. 24-CV-00317-EK-JRC
FIDELITY BROKERAGE SERVICES LLC,

                Defendant.
------------------------------------------------------------------- x

JAMES R. CHO, United States Magistrate Judge:

## Introduction

Defendant Fidelity Brokerage Services LLC ("Fidelity")[1] removed this action from New York Supreme Court, Kings County, to this Court on January 16, 2024. *See* Not. of Removal. On February 6, 2024, *pro se* plaintiff Kevin Orson Charles Dey Bey ("plaintiff") moved for remand. *See* Dkt. 8 ("Remand Mot."). Currently pending before this Court, on a referral from the Honorable Eric R. Komitee, is plaintiff's motion for remand. *See* Order Referring Mot. dated July 17, 2024. The issue before this Court is whether plaintiff and defendant are citizens of different states for purposes of establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons set forth below, this Court finds that diversity jurisdiction exists, and respectfully recommends denying plaintiff's motion for remand.

## Background

In December 2023, plaintiff commenced this action in Kings County Supreme Court. *See* Not. of Removal ¶ 1. On or about December 1, 2023, plaintiff filed a Request for Judicial

---

[1] In its removal papers, defendant states that plaintiff improperly identified "Fidelity Investments, LLC, FMR, LLC[] aka Fidelity Brokerage Services LLC." *See* Dkt. 1 ("Not. of Removal").

Intervention ("RJI"). *See* RJI dated Dec. 1, 2023, Dkt. 1-2. Plaintiff also filed a "Verified Petition," *see* Verified Petition dated Dec. 1, 2023 ("Verified Petition"), Dkt. 1-1 at ECF pages[2] 3–6, with twelve exhibits, *see* Dkt. 1-1 at ECF pages 7–111. Thereafter, on about December 27, 2023, the Court entered an "Order to Show Cause in Special Proceeding." Dkt. 1-1 ("Order to Show Cause") at ECF pages 1–2.

Plaintiff requests that the Court "confirm" an "arbitration award" and enter judgment in his favor. Verified Petition, Dkt. 1-1 at ECF page 5; *see also* Order to Show Cause, Dkt. 1-1 at ECF page 2. Plaintiff alleges that Fidelity "damaged and monetized the [plaintiff's] gold bearer bonds, personal property and refuse[d] to compensate [plaintiff]." Order to Show Cause, Dkt. 1-1 at ECF page 2.

Plaintiff alleges in his Verified Petition that he opened an online brokerage account with Fidelity in June 2021, and subsequently attempted to deposit two gold bearer bonds into his account. Verified Petition, Affidavit of Fact ("Aff.") ¶ 3, Dkt. 1-1 at ECF pages 7–8. Plaintiff alleges that after waiting several weeks for Fidelity to monetize the gold bearer bonds and deposit the funds into his brokerage account, and after calling Fidelity several times, plaintiff's bonds were returned to him by mail "cut up" and with a note stating that Fidelity was unable to deposit the shares into his account. Aff. ¶ 3, Dkt. 1-1 at ECF page 8. Plaintiff alleges that he attempted to contact Fidelity's legal department but was unable to reach anyone. Aff. ¶ 4, Dkt. 1-1 at ECF page 8. Plaintiff further alleges that he hired an associate to research his gold bearer bonds and discovered that the shares were "currently trading on the stock market." Aff. ¶ 5, Dkt. 1-1 at ECF page 8. Plaintiff then downloaded and unilaterally altered the Fidelity Account Customer Agreement ("Customer Agreement") by adding a mandatory arbitration clause.

---

[2] Cites to "ECF page" refer to the page number assigned by the Electronic Case Filing ("ECF") system.

2

Aff. ¶¶ 6–12, Dkt. 1-1 at ECF pages 8–9.  Plaintiff alleges that he mailed a copy of the altered Customer Agreement to Fidelity Investments LLC's New York Office located at 350 Park Avenue New York, New York 10022, but that Fidelity did not respond.  Aff. ¶ 13, Dkt. 1-1 at ECF page 9.

Plaintiff allegedly notified Fidelity on November 3, 2021, of his intent to arbitrate.  Aff. ¶ 13, Dkt. 1-1 at ECF pages 9–10.  On November 23, 2021, plaintiff notified Fidelity of an arbitration hearing scheduled for December 14, 2021.  Aff. ¶ 15, Dkt. 1-1 at ECF page 10.  Fidelity did not participate in the scheduled arbitration hearing.  Aff. ¶ 16, Dkt. 1-1 at ECF page 10.  Plaintiff alleges that he secured a valid arbitration award as a result of Fidelity's failure to appear for the arbitration hearing.  *Id.*[3]

On or about January 4, 2024, defendant acknowledged receipt of the Verified Petition, the 12 attached exhibits, and the RJI.  *See* Not. of Removal ¶ 2.  Twelve days later, on January 16, 2024, defendant timely removed this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  *See* 28 U.S.C § 1446 (removal is timely if a motion to remove is made within 30 days of when defendant receives a copy of the initial pleading).

## Discussion

Defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction between citizens of different states if the amount

---

[3] Plaintiff previously attempted to enforce the putative arbitration award in Pennsylvania state court.  Aff. ¶ 18, Dkt. 1-1 at ECF page 10; Not. of Removal ¶ 14.  Plaintiff maintains that the Pennsylvania state court action—which is in all relevant aspects identical to the present action—was dismissed for lack of subject matter jurisdiction.  Aff. ¶ 18, Dkt. 1-1 at ECF page 10.  Plaintiff fails to mention that the action was in fact removed to federal court, *see* Not. of Removal ¶ 15, where the Honorable Edward G. Smith dismissed the case with prejudice, *see Bey v. Fidelity Investment LLC, a/k/a Fidelity Brokerage Services, LLC*, No. 23-CV-00920 (E.D. Pa. Mar. 30, 2023), Dkt. 15.  The parties in the Pennsylvania action are the same parties in this action and Judge Smith held that the Court had diversity jurisdiction over the action.  *See id.* Dkt. 6 at 2 ("[T]he court has diversity jurisdiction . . . .").

3

in controversy exceeds $75,000. *See id.* § 1332(a). If a case is improperly removed to federal court, a plaintiff may move under 28 U.S.C. § 1447 to remand the case back to state court. *See Samanich v. Facebook*, No. 20-CV-04058, 2021 WL 2856634, at *3 (E.D.N.Y. July 8, 2021). "A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction." *Id.* "Any doubts as to removability must be resolved against removal." *Id.*

The parties to the present action dispute whether diversity jurisdiction is proper. Both parties agree that plaintiff is a citizen of New York. *See* Not. of Removal ¶ 6; Remand Mot. ¶ 6, Dkt. 8 at ECF page 4 ("Plaintiff is a citizen of New York . . . ."). However, plaintiff maintains that defendant is also a citizen of New York and, therefore, this Court lacks diversity jurisdiction over the matter. *See* Remand Mot. ¶ 6, Dkt. 8 at ECF page 4. Plaintiff's position is unsupported.

Defendant Fidelity Brokerage Services LLC is a Massachusetts limited liability corporation ("LLC"). *See* Not. of Removal ¶ 8; Remand Mot. ¶ 8, Dkt. 8 at ECF page 4 ("Fidelity Brokerage Services LLC is a Massachusetts limited liability corporation . . . ."). "In general, the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Here, Fidelity Brokerage Services LLC has one member: Fidelity Global Brokerage Group Inc. ("Fidelity Global"). *See* Not. of Removal ¶ 8. Fidelity Global is a Massachusetts corporation with its principal place of business in Massachusetts. *See id.*; Decl. of Nam Chan ("Chan Nam Decl.") ¶¶ 4, 6, Dkt. 12. Fidelity is therefore a citizen of Massachusetts. *See* Not. of Removal ¶ 8.[4]

---

[4] As noted in the case caption, plaintiff identifies the defendant as "Fidelity Investments, LLC, FMR, LLC aka Fidelity Brokerage Services LLC." Verified Petition, Dkt. 1-1 at ECF page 3. In its removal papers, defendant states that plaintiff misidentified "Fidelity Investments LLC" as the defendant in this action, and that "Fidelity understands this to refer to Fidelity Brokerage Services LLC, with whom plaintiff allegedly opened a brokerage account." Not. of Removal ¶ 8 n.3. Fidelity does not otherwise explain why it believes that Fidelity Investments LLC was improperly named in this action. Regardless, plaintiff appears to believe that Fidelity Investments LLC and Fidelity Brokerage Services LLC are the same entity for purposes of this action. *See, e.g.*, Verified Petition, Dkt. 1-1 at ECF page 3 ("Fidelity Investments, LLC, FMR, LLC [*also known as*] Fidelity Brokerage Services LLC" (emphasis added)). Plaintiff further appears to concede that the sole member of Fidelity Investments LLC and

4

However, plaintiff maintains that Fidelity is a citizen of New York because it is registered to conduct business in New York as a foreign limited liability company. *See* Remand Mot. ¶¶ 4, 6, Dkt. 8 at ECF pages 2–4. However, registering to conduct business in a state does not determine citizenship. *See Solomon v. Seimens Indus., Inc.*, No. 11-CV-1321, 2011 WL 2837496, at *2 (E.D.N.Y. July 18, 2011) ("Whether a corporation has offices or does business in any given state is not controlling . . . ." (citation omitted)). Rather, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* (quoting 28 U.S.C. § 1332(c)(1)).

Here, Fidelity Global is incorporated and has its principal place of business in Massachusetts, making it a citizen of Massachusetts. *See* Chan Nam Decl. ¶¶ 4, 6. Because Fidelity's citizenship is derived from the citizenship of its members, and because Fidelity Global is the sole member of Fidelity, Fidelity is likewise a citizen of Massachusetts and no other state. *See id.* ¶ 3; Not. of Removal ¶ 8. The parties, therefore, are completely diverse as required by 28 U.S.C. § 1332(a).

Further, plaintiff seeks more than $75,000 in damages, exceeding the required amount in controversy for diversity jurisdiction. *See* Aff. ¶ 41, Dkt. 1-1 at ECF page 13 (seeking to enforce an alleged arbitration award in the amount of $50 billion and collect an additional $50 billion in accrual on the bonds).

Because the parties in this action are citizens of different states and the amount in

---

Fidelity Brokerage Services LLC is Fidelity Global Brokerage Group, Inc., a Massachusetts corporation with its principal place of business in Massachusetts. *See* Remand Mot. ¶ 6, Dkt. 8 at ECF page 4 ("The sole member of Fidelity Investments Institutional Operations Company LLC[], (Fidelity Investments LLC[]), Fidelity Brokerage Services, LLC is Fidelity Global Brokerage Group Inc. Fidelity Global Brokerage Group is a Massachusetts corporation whose principal place of business is Massachusetts."). *See also Bey v. Fidelity Investment LLC a/k/a Fidelity Brokerage Services, LLC*, No. 23-CV-00920 (E.D. Pa. Mar. 14, 2023), Dkt. 6 at 12 (finding the same parties in this action citizens of different states for purposes of finding diversity jurisdiction). As set forth above, the Court finds that plaintiff and defendant are citizens of different states for purposes of establishing diversity jurisdiction.

5

controversy is satisfied, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and removal was proper.

## Conclusion

For the reasons stated above, this Court respectfully recommends denying plaintiff's motion for remand as defendant has established diversity jurisdiction under 28 U.S.C. § 1332(a).

Any objections to the recommendations made in this Report must be filed with the Honorable Eric R. Komitee within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 11, 2024**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

The Clerk's Office is directed to enter this Report and Recommendation into the ECF system and to serve a copy on the *pro se* plaintiff by first-class mail.

**SO ORDERED**

Dated: Brooklyn, New York
August 28, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge